# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EUSTAQUIO CASTANEDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-4040 |
| ) | |
| CITY OF EAST MOLINE, JOSHUA ALLEN, ) | |
| AND STEVE PALCAT, et al., ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

This matter is now before the Court on a Motion to Dismiss by Defendants City of East Moline, Joshua Allen, and Steve Palcat (collectively the "East Moline Defendants"). For the reasons set forth below, the Motion to Dismiss [5] is GRANTED in that the claims for punitive damages are stricken from Counts III, IV, V, and VI of the Complaint.

### FACTUAL BACKGROUND

On May 2, 2012, Plaintiff, Eustaquio Castaneda ("Castaneda") was exiting his house located at 1338 15th Avenue, East Moline, Illinois, when a detective approach him. The detective was yelling and pointing a gun at Castaneda, however, Casteneda is not fluent in English and did not understand what the detective was saying. The detective, believed to be Defendant Allen, dragged Castaneda to the ground and hit him in the face with his fist. Other officers, including Defendant Palcat, surrounded Castaneda, placed him in handcuffs, and put him in the back of an East Moline

squad car while his residence was searched. Officers ultimately determined that Castaneda was not the suspect they were pursuing, and he was released after approximately one hour.

Castaneda brought this action against the East Moline Defendants and others, alleging violations of 42 U.S.C. § 1983, as well as various state law claims. The East Moline Defendants have filed a Motion to Dismiss, which does not attempt to dismiss the entire Complaint, but rather only the punitive damages claims from Counts III, IV, V, and VI. The motion is fully briefed, and this Order follows.

## DISCUSSION

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See* Conley v. Gibson, 355 U.S. 41 (1957); Gould v. Artisoft, Inc., 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." Id.; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See* Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992).

The East Moline Defendants cite <u>Short v. Nolan</u>, 2010 WL 272815 (C.D.Ill. 2010), and <u>Rousey v. City of Johnston City</u>, 2006 WL 314452 (S.D.Ill. 2006), for the proposition that Section 2-102 of the Illinois Tort Immunity Act precludes liability for punitive damages against local public entities and public officials in actions arising out of the conduct of the official while serving in an official capacity.  *See also,* <u>Haug v. Township of New Lenox</u>, 2010 WL 1611070 (N.D.Ill. 2010).

Castaneda essentially concedes that under these cases, punitive damages would not be available against the East Peoria Defendants under Counts III, IV, and V.  With respect to Count VI for municipal liability, however, he states that he could receive punitive damages under § 1983. Without addressing the validity of this assertion, the Court notes that the § 1983 claims are pled as Counts I and II, whereas Count VI appears to be a common law claim.  Accordingly, the Court agrees that the claims for punitive damages should be stricken from the common law claims alleged in Counts III, IV, V, and VI of the Complaint.  If Plaintiff is attempting to state a claim under § 1983 for municipal liability in Count VI that is separate and distinct from the claims in Counts I and II, he should seek leave of court to file an amended complaint to clarify this count.

## CONCLUSION

For the reasons set forth above, the East Peoria Defendant's Motion to Dismiss [5] is GRANTED with respect to the punitive damages claims sought in the prayers for relief in Counts III, IV, V, and VI.

ENTERED this 31st day of October, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge